IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2012 MAR 21  A 11: 33

| | |
|---|---|
| ANITA KONIECZKA HECK, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BAC HOME LOANS SERVICING, )<br>L.P. f/k/a COUNTRYWIDE HOME )<br>LOANS SERVICING, L.P., A )<br>DIVISION OF BANK OF AMERICA, )<br>N.A., SIROTE & PERMUTT PC; and )<br>DEFENDANTS A, B, and C, )<br>intended to represent those parties )<br>that plaintiff may have certain claims )<br>against as a result of the actions )<br>described in plaintiff's complaint, )<br>Plaintiff avers that the identities of )<br>the fictitious party defendants are )<br>otherwise unknown to plaintiff at this )<br>time, or if their names are known to )<br>plaintiff at this time, their identities )<br>as proper party defendant are not )<br>known to plaintiff at this time, but )<br>their true names will be substituted )<br>by amendment when ascertained. )<br>)<br>    Defendants. ) | Civil Action No. 3:12-cv-256-MEF |

## NOTICE OF REMOVAL

COMES NOW, Defendant BANK OF AMERICA, NA, SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, ("BANA" or "Defendant"), by and through

its attorneys, and files this its *Notice of Removal*, and in support thereof would show unto the Court the following:

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

2. Plaintiff filed her *Complaint* on or about January 12, 2012, in the Circuit Court of Russell County, Alabama, Case No. CV-12-008. A copy of Plaintiff's *Complaint* is attached hereto and marked as Exhibit "A" and incorporated herein by reference.

3. Plaintiff named BAC Home Loans Servicing, L.P. as the Defendant in her *Complaint* and served CT Corporation with a copy of the *Complaint*. However, this entity no longer exists, as it merged with and into Bank of America, N.A. in July of 2011. CT Corporation returned the Plaintiff's summons and complaint to the Plaintiff on January 31, 2012, stating that BAC Home Loans Servicing, L.P. was not listed on its records or in the records of the State of Alabama. Therefore, to date, BANA has not been properly served with the *Complaint*.

4. The Complaint expressly asserts federal claims against BANA, alleging that "Defendant BAC violated the Fair Debt Collection Practices Act (FDCPA) as a result of its failure to validate a disputed debt; its failure to respond

to inquiries; and its failure to suspend foreclosure proceedings." *See* Exhibit A at ¶8.

5. Claims under the FDCPA are within this Court's original jurisdiction. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in an appropriate United States district court without regard to the amount in controversy . . . "). FDCPA claims may also be removed to federal court from state court. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (affirming district court's entry of judgment on the pleadings in action removed from the Circuit Court of Madison County to the Northern District of Alabama where complaint stated a claim for violation of FDCPA); *Doherty v. Citibank (South Dakota) N.A.*, 375 F.Supp.2d 158, 160-61 (E.D.N.Y. 2005) (holding that FDCPA claims are removable from state court to federal court). Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

6. All Defendants will consent to the removal of this action within the time legally permitted. *See* Consent to Notice of Removal, Exhibit "B".

7. By filing this Notice of Removal, BANA does not waive its right to object to service, service of process, sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, venue, or assert any other applicable

defenses. Additionally, BANA expressly reserves the right to have the claims asserted herein resolved solely through arbitration.

8. This Court has supplemental jurisdiction over all other claims asserted by Plaintiff in accordance with 28 U.S.C. §§ 1367 and 1441.

9. The copy of the state court file as reflected on the AlaCourt system is attached hereto as Exhibit "C."

10. A copy of this Notice of Removal has been sent to Plaintiff, and will be filed with the Clerk of the Circuit Court of Russell County, Alabama. A copy of BANA's Notice of Filing Notice of Removal is attached hereto as Exhibit "D."

11. If any question arises as to the propriety of the removal of this action, BANA requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court assume full jurisdiction over these proceedings as provided for by law.

Respectfully Submitted,

John David Collins
Kathryn Dietrich Perreault
Maynard, Cooper & Gale, P.C.
*Attorneys for Bank of America, N.A.*

4

OF COUNSEL:

**Maynard, Cooper & Gale, P.C.**
1901 Sixth Avenue North,
Suite 2400
Regions/Harbert Plaza
Birmingham, AL 35203
(205) 254-1104 Telephone

## CERTIFICATE OF SERVICE

I certify that on the 20th day of March, 2012, I caused copies of the foregoing to be sent via U.S. mail, postage-prepaid, to the following:

Anita Konieczka Heck
*Pro se*
286 Brown Road
Phenix City, AL 36869

Stephen B. Porterfield
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35205

/s/ _____
OF COUNSEL